IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROBOCAST, INC.,                     )
                    Plaintiff,      )
                                    )       Civil Action No. 11-235 (RGA)
                                    )
                                    )
              v.                    )
                                    )
APPLE, INC.,                        )
                                    )
                    Defendant.      )

## SPECIAL MASTER OPINION:   HOFFMAN SUPPLEMENTAL EXPERT REPORT

In connection with what appears to be the final dispute regarding expert discovery in this case, Apple has moved to strike the October 22, 2013 supplemental report of plaintiff's damages expert, Creighton Hoffman.   Specifically, Mr. Hoffman based part of his original July 31, 2013 expert report on the opinions of another plaintiff's expert, James Berger, who generated analyses of user surveys.   Those survey analyses, in turn, allowed Mr. Hoffman to calculate the value to Robocast of a theoretical license to Apple which included the latter's ability to continue using the allegedly infringing Top Sites feature of its Safari web browser.   Subsequently, though, on October 14, 2013, the plaintiff unilaterally withdrew Mr. Berger's opinions, ostensibly due to that expert's "serious medical issue."   That withdrawal left their damages expert, Mr. Hoffman, with a gap in the foundation of his own opinions.

For a number of reasons, including that Robocast did not seek permission from the Court to issue the supplemental Hoffman report and that it is untimely, Apple contends that that report should be stricken.   Apple further implies that, rather than the medical situation, the basis for pulling the Berger report was that expert's inconsistency in the formulation of his opinions.   The plaintiff responds that Apple is not prejudiced by the existence of the supplemental report,

claiming that the additional report is "merely a clarification."   Moreover, Robocast asserts that it had an "affirmative duty to supplement" the Hoffman report.

With respect to what actually caused the deposition testimony of Mr. Berger to be inconsistent with his report, a legitimate medically-induced problem or simply confusion borne of a fundamental problem in his opinions, it is not my position to say.   Assuming that the situation was medical, the plaintiff still did not use its awareness "in July 2013" of the onset of the expert's medical condition as an opportunity to request indulgence for the purpose of finding a substitute survey expert.   Certainly, Robocast understood that the failure to provide a basis for its damages expert to opine with respect to Top Sites would result in a significant diminution in its overall damages projections[1].   Yet, it did not approach either Judge Andrews or me requesting such relief for an important expert opinion.

In an assessment of a relatively grey area, plaintiff's having had Mr. Hoffman generate a supplemental report could be generously classified as an effort to comply with its FRCP 26(e) obligation to supplement discovery under appropriate circumstances.[2]   Rule 26(e)(1)(A), "In General", provides that supplementation is <u>required</u> "if the party learns that in some material respect the disclosure is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."   Rule 26(e)(2), "Expert Witness", specifies that the duty to supplement exists for an expert whose report must be disclosed and "extends…to information included in the report."   I've

---

[1]  There is nothing, incidently, in the subject supplemental expert report which retrieves the lost multi-million dollar damages projection resulting by virtue of Mr. Berger's opinions no longer being viable.

[2]  Thus, I do not need to reach two of Apple's contentions, i.e., untimeliness and a failure to seek permission.

previously[3] alluded to the obvious tension created by such a Rule 26(e) undertaking and the relatively immutable finality imposed by the Scheduling Order, the latter of which specifically only allows three phases of expert discovery:   an initial report, a responsive report and depositions.

But, in this case, Apple became acutely aware of the revised state of affairs when, on October 14, 2013, plaintiff's counsel wrote to Apple's counsel voluntarily withdrawing the Berger opinions upon which Mr. Hoffman predicated a portion of his damages projection.   At that point there was no obligation to supplement the Hoffman report since it was crystal clear to Apple what had happened and what the loss of Mr. Berger's opinions could mean.   In this sense, then, Robocast unnecessarily used the opportunity created by the withdrawal of the Berger report to add an aspect to Mr. Hoffman's opinions that could have been contained in his original report - namely, his new opinion that the reasonableness of his prior analysis of another supposedly infringing feature of Apple's products is supported by the use of Safari's Top Sites feature.

Nevertheless, plaintiff also bases its position with respect to Mr. Hoffman's supplemental report on the precept that striking an expert's report or testimony is an "extreme sanction."   See *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3 Cir. 1997); *ZF Meritor, LLC v. Eaton Corp.*, 696 F. 3d 254, 297 (3 Cir. 2012)[4].   But, a court is supposed to consider the importance of the excluded testimony since, in order to justify not being stricken, the expert's opinion must be "critical evidence" [emphasis added].   *Allen v. Parkland School District*, 2007 WL 1228947, *5

---

[3]   In both the Special Master Opinion and Order dated September 27, 2013, p. 2, and the Special Master Opinion and Order dated October 23, 2013, p.3.

[4]   I recognize that some cases, e.g., *Withrow v. Spears*, 2013 WL 4510305, *11 (D. Del. 2013)['the remedy of exclusion should be reserved for circumstances amounting to "willful deception or flagrant disregard of a court order by the proponent of the evidence"'], might be cited for their broadly-stated conclusions, but I don't believe the "critical evidence" concept next described can be ignored or lost in the process.

(3 Cir. 2007); *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904 (3 Cir. 1977) overruled on other grnds. *Goodman v. Lukens Steel*, 777 F.3d 133 (3 Cir. 1985)[5]. Given that Robocast itself characterizes the supplemental report as being merely a "clarification", it is difficult to conclude that it is "critical." The plaintiff's rationale for not striking the Hoffman supplemental report, that his clarification does not change the expert's previous opinion, is self-defeating. If the additional report doesn't change anything, then it's not necessary.

In my two most-recent Special Master opinions, I confronted supplemental expert reports, either already issued or sought to be issued. I ultimately allowed those supplemental reports, but predicted that further requests that might perpetuate a never-ending cycle of reports and counter-reports was neither countenanced by the Scheduling Order nor logical extensions of my rulings. The latter were designed to permit one-off events (with depositions also contemplated) not to be repeated. Plaintiff, having generated the Hoffman supplemental report, has taken one step too many. That step must be reversed. Accordingly, Apple's motion to strike the Hoffman supplemental expert report is granted.

IT IS SO ORDERED.

Paul M. Lukoff
Special Master

Dated:   December 3, 2013

---

[5] I doubt that, given the basis for my decision, there is a necessity for me to evaluate the five so-called *Pennypack* factors. However, even if each of the other four factors is either neutral or does not favor exclusion, the fifth factor {the importance of the testimony sought to be excluded} alone justifies the report being stricken, as described above. Moreover, courts applying the *Pennypack* factors in "sophisticated, complex litigation involving parties represented by competent counsel have been less indulgent". *Bridgestone Sports Co., Ltd. v. Acushnet Co.*, 2007 WL 521894, *4 (D. Del. 20017) [a strict showing that each factor has been satisfied is not required]; *AstraZeneca AB v. Mutual Pharmaceutical Co., Inc.*, 278 F. Supp. 2d 491, 508-509 (E.D. Pa. 2003).