IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBOCAST, INC., | ) |
| | ) |
| Plaintiff, | ) C.A. No. 11-235-RGA |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| APPLE INC., | ) **PUBLIC VERSION** |
| | ) |
| Defendant. | ) |

### DEFENDANT APPLE INC.'S REPLY BRIEF IN SUPPORT OF
### ITS MOTION FOR SUMMARY JUDGMENT REGARDING
### DAMAGES, INJUNCTIVE RELIEF, AND INDIRECT INFRINGEMENT

OF COUNSEL:

Harrison J. Frahn IV
Brandon C. Martin
Patrick E. King
Jason M. Bussey
Michael A. Quick
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, CA 94304
Tel: (650) 251-5000

Brian P. McCloskey
Gregory T. Chuebon
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
Tel: (212) 455-3353

Dated: December 13, 2013
PUBLIC VERSION
Dated: December 23, 2013
1134464 / 36689

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Apple Inc.*

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................1

II. SUMMARY JUDGMENT OF NO DAMAGES MUST BE GRANTED .........2

    A. Robocast Cannot Rely On "Qualitative Evidence" ...............................2

    B. Robocast Cannot Rely On Apple's Expert............................................3

    C. Robocast Cannot Rely On Supplemental Reports .................................4

III. ROBOCAST'S WILLFULNESS CLAIM FAILS AS A MATTER OF LAW ...................5

    A. Robocast Cannot Meet *Seagate's* Objective Prong ..............................5

    B. Robocast Cannot Meet *Seagate's* Subjective Prong.............................6

    C. Robocast Is Not Entitled To Post-Suit Willfulness ...............................8

IV. ROBOCAST CANNOT OBTAIN AN INJUNCTION........................................9

V. CONCLUSION .....................................................................................................10

# TABLE OF AUTHORITIES

**CASES**

*Bard Peripheral Vascular, Inc. v. W.L. Gore & Assoc., Inc.*,
  682 F.3d 1003 (Fed. Cir. 2012) ..................................................................................5, 6

*Baxter Healthcare Corp. v. Fresenius Med. Care Holdings*,
  No. C 07-1359, 2010 WL 668039 (N.D. Cal. Feb. 19, 2010) ..........................................9

*Callaway Golf Co. v. Dunlop Slazenger Grp. Am., Inc.*,
  C.A. No. 01-669-KAJ, 2002 WL 1906628 (D. Del. Aug. 14, 2012).................................4

*Clouding IP, LLC v. Amazon.com, Inc.*,
  C.A. No. 12-641-LPS, 2013 WL 2293452 (D. Del. May 24, 2013)..................................9

*Cordis Corp. v. Medtronic Ave*,
  194 F. Supp. 2d 323 (D. Del. 2002) .................................................................................3

*Devex Corp. v. General Motors Corp.*,
  667 F.2d 347 (3d Cir. 1981) .............................................................................................3

*Dow Chem. Co. v. Mee Indus. Inc.*,
  341 F.3d 1370 (Fed. Cir. 2003) ........................................................................................3

*FMC Corp. v. Vendo Co.*,
  196 F. Supp. 2d 1023 (E.D. Cal. 2002) ............................................................................4

*In re Seagate Tech*,
  497 F.3d 1360 (Fed. Cir. 2007) ...............................................................................7, 8, 9

*Info-Hold, Inc. v. Muzak LLC*,
  No. 1:11-cv-283, 2013 WL 6008619 (S.D. Ohio Nov. 13, 2013) ....................................3

*King Records, Inc. v. Bennett*,
  438 F. Supp. 2d 812 (M.D. Tenn. 2006) ..........................................................................8

*Masimo Corp. v. Philips Elec. N. Am. Corp.*,
  C.A. No. 09-80-LPS, 2013 WL 2920478 (D. Del. June 14, 2013)...................................6

*McRO, Inc. v. Namco Bandai Games Am., Inc.*,
  No. 12-10322, 2013 U.S. Dist. LEXIS 100764 (C.D. Cal. July 11, 2013) ......................9

*Oiness v. Walgreen Co.*,
  88 F.3d 1025 (Fed. Cir. 1996) ..........................................................................................4

*R.C. Olmstead, Inc. v. CU Interface, LLC*,
  657 F. Supp. 2d 899 (E.D. Ohio 2009) ............................................................................4

*Ross v. Burlington N.R. Co.*,
  136 F.R.D. 638 (N.D. Ill. 1991)................................................................................................4

*State Indus., Inc. v. A.O. Smith Corp.*,
  751 F.2d 1226 (Fed. Cir. 1985) ............................................................................................ 6-7

*Tarkus Imagin, Inc. v. Adobe Sys., Inc.*,
  867 F. Supp. 2d 534, 537 (D. Del. 2012................................................................................6

*Unicom Monitoring, LLC v. Cencom, Inc.*,
  No. 06-1166, 2013 WL 1704300 (D.N.J. Apr. 19, 2013) ...................................................3, 10

*Unisplay, S.A. v. Am. Elec. Sign Co. Inc.*,
  69 F.3d 512 (Fed. Cir. 1995) ................................................................................................ 3-4

*Va. Innovation Sciences, Inc. v. Samsung Elecs. Co., Ltd.*,
  No. 12cv548, 2013 WL 6053846 (E.D. Va. Nov. 15, 2013)..................................................8

*Whitserve, LLC v. Computer Packages, Inc.*,
  694 F.3d 10 (Fed. Cir. 2012) ..............................................................................................2, 4

**OTHER**

Restatement (Second) of Torts § 500 (1965).................................................................................7

I.  **INTRODUCTION**

Apple's motion established that, due to the withdrawal of Robocast's survey expert and the inevitable exclusion of his two counterparts, Robocast will be unable to present legally sufficient evidence of damages. Robocast offers three arguments in response: (i) "qualitative evidence" could support a royalty calculation; (ii) it may affirmatively rely on Apple's rebuttal expert; and (iii) it could re-do its damages case in a yet-to-be served "supplemental" report. The first theory fails as a matter of law. The legal deficiencies of the second are matched only by the implausibility of what it proposes: that Robocast would go to trial over ▓▓▓▓—an amount it would, apparently, both affirmatively present and "vigorously dispute" and that is premised on assumptions Robocast expressly disavows. And the third ignores the Special Master's directive that "no further expert reports [will be] allowed." D.I. 314 at 4. All three theories must be rejected, mandating summary judgment of no damages.

Apple also established that Robocast's willfulness claim fails, both because Apple's defenses are reasonable and its pre-suit ignorance of the patent is incontrovertible. Robocast answers the first point by insisting "disputed issues of material fact" preclude summary judgment, but it does not actually identify any relevant factual disputes, and it fails to acknowledge Apple's purely legal defenses. With regard to Apple's lack of pre-suit knowledge (which also undermines Robocast's indirect infringement claim), Robocast ignores authorities establishing that the first disclosure is irrelevant because it involved, at most, a patent *application.* As for the second, Robocast identifies no authorities basing pre-suit knowledge on a fleeting encounter between strangers in a non-business setting.

Finally, Apple demonstrated that a permanent injunction cannot issue due to Robocast's licensing program, lack of commercial activities, and failure to seek preliminary injunctive relief. Far from disputing these facts, Robocast concedes it was "unable" to establish irreparable harm

at the inception of this case. Nothing in the interim has relieved it from that disability. Robocast's sole argument is that if it cannot recover money damages (due to the exclusion of its experts), it should obtain *some* relief, otherwise Apple could infringe "for free." But a patentee cannot establish irreparable harm by submitting indefensible damages theories.

## II.  SUMMARY JUDGMENT OF NO DAMAGES MUST BE GRANTED

Robocast does not deny that it has no damages figure to present at trial for Flickr (because Mr. Hoffman never calculated one) or Safari TopSites (due to its withdrawal of Mr. Berger's expert report). It also admits that, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Opp. at 10 n.4. Robocast nonetheless offers a host of reasons why its damages case can survive the exclusion of Messrs. Hoffman and Sherwood. None withstands scrutiny.

### A.  Robocast Cannot Rely On "Qualitative Evidence"

Robocast first argues that "proof of damages does not *require* expert testimony" (Opp. at 9) and suggests that, if the Court grants Apple's *Daubert* motion, "qualitative evidence" could support a royalty award. Opp. at 10-11, 7-8. But "without some guideposts, the task of determining a reasonably royalty under 35 U.S.C. § 384 is impossible." *Whitserve, LLC v. Computer Packages, Inc.*, 694 F.3d 10, 32 (Fed. Cir. 2012). And those guideposts cannot, by definition, be "qualitative." That, for example, the accused features appeared "in the very first paragraph" of a press release (Opp. at 7), or garnered praise for "splash[y]" graphics (*id.*), hardly enables a jury to calculate the *amount* of damages due; any number derived from such evidence would be "sheer surmise and conjecture." *Whitserve*, 694 F.3d at 33-34. In fact, Mr. Hoffman, after considering these same materials, conceded he was ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Cohen Decl., Ex. 1 at 2 (emphasis added). A lay jury could do no better.

2

Robocast's authorities are either inapposite or in accord. To argue that 35 U.S.C. § 284 requires the court to award damages "even in the absence of any evidence from which a court may derive a reasonable royalty goes beyond the possible meaning of the statute." *Devex Corp. v. General Motors Corp.*, 667 F.2d 347, 363 (3d Cir. 1981). In *Dow Chem. Co. v. Mee Indus. Inc.*, 341 F.3d 1370, 1381-82 (Fed. Cir. 2003), also cited by Robocast, the record contained a comparable license agreement. Nothing similar exists here. And *Cordis Corp. v. Medtronic Ave, Inc.*, which Robocast cites for the claim that damages calculations involve "approximation and uncertainty," also states that "the trier of fact must have some factual basis for a determination of a reasonable royalty." 194 F. Supp. 2d 323, 356 (D. Del. 2002). There is no such basis here, requiring summary judgment. *See Unicom Monitoring, LLC v. Cencom, Inc.*, No. 06-1166, 2013 WL 1704300, at *8 (D.N.J. Apr. 19, 2013) (granting summary judgment following exclusion of damages experts because "the factfinder needs . . . clear guidance from an expert about how to apply complex calculations"); *Info-Hold, Inc. v. Muzak LLC*, No. 1:11-cv-283, 2013 WL 6008619, at *2 (S.D. Ohio Nov. 13, 2013) (granting summary judgment of no-damages because jury cannot "invent a reasonable royalty out of thin air").

### B. Robocast Cannot Rely On Apple's Expert

Next, Robocast argues it can avoid summary judgment by affirmatively relying on Apple's rebuttal expert, Raymond Sims. Opp. at 9-10. This argument assumes Robocast will present a damages case at trial based entirely on a number—███—that it "vigorously disputes" (Opp. at 2), that assumes the sufficiency of a "supposed" (*id.*) non-infringing alternative it disavows, and that amounts to less than ███ of Robocast's currently claimed ███ in damages. And while Robocast is quick to add that Mr. Sims's number would be a damages "floor," in fact the jury could not award substantially more if that were the only figure presented. *See, e.g., Unisplay, S.A. v. Am. Elec. Sign Co. Inc.*, 69 F.3d 512, 517 (Fed.

3

Cir. 1995) ("Any rate determined by the trier of fact must be supported by relevant evidence in the record."); *Whitserve*, 694 F.3d at 26-34 (affirming vacation of damages award "over 3 times the average of the lump sum licenses presented"); *Oiness v. Walgreen Co.*, 88 F.3d 1025, 1029-30 (Fed. Cir. 1996) (reversing damage award based on "rapt speculation" regarding sales volumes and remitting to amount supported by record evidence).

Regardless, once Robocast's experts are excluded, Mr. Sims will have no opinions to rebut, at which point Apple has the "prerogative of changing [its] mind" and de-designating him as a testifying expert. *Ross v. Burlington N.R. Co.*, 136 F.R.D. 638, 638-39 (N.D. Ill. 1991). In that case, Robocast could not call Mr. Sims absent exceptional circumstances, which are not present since Robocast has "created the situation in which it finds itself". *FMC Corp. v. Vendo Co.*, 196 F. Supp. 2d 1023, 1046-47 (E.D. Cal. 2002).[1] The plaintiff in *AVM Techs. Inc. v. Intel Corp.* likewise argued it had a "valid damages claim" because the defendant's "own damages analysis prevent[ed] summary judgment" of no damages. *See* Declaration of Jason Bussey ("Bussey Decl.") Ex. 1 (AVM Opposition Brief) at 19-20. This Court, unpersuaded, granted summary judgment. *See* Bussey Decl. Ex. 2 (AVM Order) at 4. Apple respectfully submits that the same result is warranted here.

### C. Robocast Cannot Rely On Supplemental Reports

As a last resort, Robocast says "Mr. Hoffman . . . would likely supplement his report" if his iTunes calculations are excluded. Opp. at 10 n.4. With regard to Flickr and Safari Top Sites,

---

[1] *See also Callaway Golf Co. v. Dunlop Slazenger Grp. Am., Inc.*, C.A. No. 01-669-KAJ, 2002 WL 1906628, at *3 (D. Del. Aug. 14, 2012) (recognizing exceptional circumstances requirement); *R.C. Olmstead, Inc. v. CU Interface, LLC*, 657 F. Supp. 2d 899, 904 (E.D. Ohio 2009) (party cannot "build his case on the back of the opposing party's retaining and financing an expert"). Robocast also claims it could "read [Mr. Sims's] deposition testimony" at trial. Opp. at 9. Even if it could, the excerpt it cites does not explain the basis for Mr. Sims' opinion. [redacted]

4

Robocast similarly argues that a supplemental report Mr. Hoffman served after Apple filed its motion provides sufficient evidence of damages. *Id.* at 6. The latter report, however, did not actually offer any damages numbers for Flickr or Safari Top Sites, and it has in any event since been stricken by the Special Master. D.I. 391. Regarding the former "likely supplement:" it is not in the record and therefore provides no basis to avoid summary judgment. Moreover, Robocast does not—and cannot—justify completely changing its damages theory now, nearly five months after disclosures were due, with trial fast approaching, and for no reason other than the fact that its initial submissions were indefensible.

### III.    ROBOCAST'S WILLFULNESS CLAIM FAILS AS A MATTER OF LAW

#### A.    Robocast Cannot Meet *Seagate's* Objective Prong

Apple's motion established that there was no "objectively high likelihood" of infringement—and therefore no willful infringement—because its defenses are, at a minimum, reasonable. Mot. at 11-12. In response, Robocast insists "Apple's motion is based on the wrong standard" because Apple "must do more than merely persuade [the Court] that its defenses were reasonable"; it must also establish "that no reasonable fact-finder could find willful infringement." Opp. at 12. But that is just another way of saying Rule 56 applies to Apple's summary judgment motion, a fact (needless to say), Apple does not dispute (*see* Mot. at 9); it does not mean Apple applied "the wrong standard."

Moreover, Robocast's assertion that the Court cannot assess the reasonableness of Apple's defenses at summary judgment is incorrect. When a non-infringement theory "is purely legal (*e.g.*, claim construction), the objective recklessness of such a theory is a purely legal question." *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assoc., Inc.*, 682 F.3d 1003, 1007 (Fed. Cir. 2012). Apple's no-willfulness argument is based, in part, on such a "purely legal" claim construction theory, which Robocast's Opposition fails even to acknowledge, much less

5

rebut. *See* Mot. at 12-13. And although Apple's remaining defenses are not purely legal, "the judge remains the final arbiter of whether th[ose] defense[s] w[ere] reasonable, even when the underlying fact question is sent to a jury." *Bard*, 682 F.3d at 1007. They are, therefore, appropriately resolved at summary judgment as well. *See, e.g.*, *Tarkus Imaging, Inc. v. Adobe Sys., Inc.*, 867 F. Supp. 2d 534 (D. Del. 2012) (granting summary judgment of no-willfulness where defendant asserted "credible non-infringement theories"); *Masimo Corp. v. Philips Elec. N. Am., Corp.*, C.A. No. 09-80-LPS, 2013 WL 2920478, at *5 (D. Del. June 14, 2013) (same, where defendant asserted reasonable invalidity defense).

Robocast, in any event, fails to identify any disputed facts that, if resolved in its favor, would not only defeat Apple's defenses but also render them "shams." With respect to infringement, for example, Robocast refers summarily to other motion papers but makes no attempt (there or elsewhere) to establish objective recklessness or to reconcile that standard with its reliance on the doctrine of equivalents. With regard to unenforceability, Robocast emphasizes that  *That* burden, on this record, is self-evidently satisfied.

**B.  Robocast Cannot Meet *Seagate's* Subjective Prong**

Apple established that Robocast's inability to satisfy *Seagate's* subjective prong provides an independent basis to dispose of its willfulness claim. Robocast responds, initially, by arguing that knowledge of the patent is not necessary because *Seagate* requires only recklessness. Opp. at 13-14. Robocast also suggests that *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236

6

(Fed. Cir. 1985), which contradicts that assertion, is no longer good law. *Id.* Robocast is mistaken on both counts: *A.O. Smith* has never been overruled, and while knowledge of *infringement* may not be required to prove recklessness, knowledge of *the patent* is, as infringement could neither be known nor obvious to one who is unaware of the rights he is allegedly infringing upon. Any other finding would entail that *Seagate* lowered, rather than raised, the standard for willfulness.

Robocast also fails to defend the adequacy of the two purported disclosures on which it relies. With regard to Mr. Reynolds, Robocast insists a fact-finder could conclude ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Opp. at 14. This argument ignores the record, which consists, in its entirety, of a slip of paper showing Mr. Reynolds passed by Robocast's booth and testimony from all involved saying ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Mot. at 3-4. There is, therefore, *no* evidence that any disclosure ever occurred. More important, Robocast ignores cases holding that disclosure of a patent *application*, which is all Robocast had in 1999, *cannot* establish willfulness. *See* Mot. at 16.

With regard to Mr. Stewart, Robocast does not dispute Apple's characterization of the purported disclosure but claims a jury could still infer that he "had knowledge of the '451 patent." Opp. at 14. Even if one could conclude Mr. Stewart learned Mr. Torres had a patent, it does not follow that Mr. Stewart (let alone Apple) had reason to believe Apple infringed that patent, as the law requires. *In re Seagate Tech*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (holding that defendant must know or have reason to know of "objectively defined risk" of infringement); *see also* Restatement (Second) of Torts § 500 (1965) ("[T]he actor must know, or have reason to know, *the facts which create the risk*.") (emphasis added). To accept Robocast's position, the

Court would have to conclude that even ███████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

That is not the law. "Courts appear to agree . . . [that] plaintiffs [must] allege sufficient facts to create a plausible inference that defendant had some knowledge of the contents of the patent-in-suit, which means knowledge *beyond* the mere existence of a patent with the same number as the patent-in-suit." *Va. Innovation Sciences, Inc. v. Samsung Elecs. Co., Ltd.*, No. 12cv548, 2013 WL 6053846, at *8 (E.D. Va. Nov. 15, 2013) (emphasis added); *see also King Records, Inc. v. Bennett*, 438 F. Supp. 2d 812, 860-62 (M.D. Tenn. 2006) (holding that "vague accusations" of infringement were insufficient to establish willful copyright infringement, which also requires recklessness). Just as casually mentioning that one owns real property cannot put another on notice of a trespass, ███████████████████ cannot, by itself, give reason to believe any infringement has occurred.[2]

Robocast, finally, presents no evidence that evaluating patents was among the duties of Mr. Reynolds or Mr. Stewart, as agency law requires. *See* Mot. at 17. Thus, even if one or both of them did have the requisite knowledge, it could not be imputed to Apple.

### C. Robocast Is Not Entitled To Post-Suit Willfulness

Robocast argues, as a fallback position, that service of the complaint allows it to seek enhanced damages for post-filing infringement. Opp. at 15-16. But *Seagate* is clear on this

---

[2] Robocast does not dispute that if Apple had no pre-suit knowledge of the '451 Patent, Apple is entitled to summary judgment of no pre-suit indirect infringement. *See* Opp. at 15-16.

8

point: "a patentee who does not attempt to stop an accused infringer's activities" by seeking a preliminary injunction "should *not* be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct." *Seagate*, 497 F.3d at 1374. Having never sought a preliminary injunction, Robocast cannot now seek enhanced damages. *Id.* And although Robocast stresses that the cases Apple cited involved post-trial motions (or motions to dismiss), not summary judgment (Opp. at 15), courts have granted summary judgment on this ground as well. *See, e.g., Baxter Healthcare Corp. v. Fresenius Med. Care Holdings*, No. C 07-1359, 2010 WL 668039, at *19 (N.D. Cal. Feb. 19, 2010) (granting summary judgment because patentee "did not seek injunctive relief to stop the alleged infringement").

Robocast also argues it should be exempted from complying with *Seagate* because it could not, at the time its Complaint was filed, establish irreparable harm. Opp. at 15 n.5. But Robocast cites no authority for this argument. And to the extent some courts have excused non-practicing entities from seeking preliminary relief, they did so where the plaintiff did not seek *any* injunctive relief and conceded its inability to do so. *See Clouding IP, LLC v. Amazon.com, Inc.*, C.A. No. 12-641-LPS, 2013 WL 2293452, at *5 (D. Del. May 24, 2013). Those cases have been appropriately criticized for disregarding Seagate. *See, e.g., McRO, Inc. v. Namco Bandai Games Am., Inc.*, No. 12-10322, 2013 U.S. Dist. LEXIS 100764, at *27-28 (C.D. Cal. July 11, 2013). In any event, in this case Robocast insists it *is* entitled to an injunction and that it *can* establish irreparable harm, so the cases are inapposite.

## IV. ROBOCAST CANNOT OBTAIN AN INJUNCTION

Apple's motion established that any harm Robocast suffers from infringement is compensable, not irreparable. Mot. at 17-20. That conclusion follows from facts that Robocast does not dispute, including that it never practiced its invention, does not compete with Apple, ███████████████████████████, and never sought a preliminary injunction. *Id.* Robocast

9

not only fails to dispute these facts, it affirmatively concedes that "at the time the Complaint was filed" it was "*unable* to show . . . irreparable harm." Opp. at 15 n.5 (emphasis added). If it suffered from that disability then, it does so now as well, as none of the factors relevant to the irreparable harm analysis have changed in the interim.

Robocast offers only one argument in response: that it would "satisfy the requirement of irreparable harm were either the Court or the jury to rule that its damages attributable to infringement were not reasonably quantifiable." Opp. at 18. That Robocast offers this argument unadorned of legal citation is unsurprising, as that there are no authorities which could be offered in support of it. If the Court rules that Robocast cannot establish damages, that will be because Robocast sponsored indefensible expert testimony, not because its injuries are incalculable. Put another way, it is Robocast's damages analyses, not money damages, that are inadequate. And the consequences of sponsoring inadequate damages testimony is summary judgment of no damages, not an injunctive windfall. *See, e.g., Unicom*, 2013 WL 1704300, at *10 ("where the inadequacy of damages stems from one party's failure to present proof establishing the amount of damages to be awarded, this does not satisfy the second prong of the *eBay* inquiry"). There are no factual disputes regarding the adequacy of money damages; thus, summary judgment of no-injunction must be granted.

## V. CONCLUSION

Apple respectfully requests that the Court grant summary judgment against Robocast's claims for willful and indirect infringement, its request for a permanent injunction, for monetary damages as to Safari and Flickr, and (pending the outcome of Apple's *Daubert* motion) for monetary damages as to iTunes, resulting in summary judgment of no damages.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Harrison J. Frahn IV
Brandon C. Martin
Patrick E. King
Jason M. Bussey
Michael A. Quick
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, CA 94304
Tel: (650) 251-5000

Brian P. McCloskey
Gregory T. Chuebon
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
Tel: (212) 455-3353

By: /s/ David E. Moore
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Bindu A. Palapura (#5370)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19801
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com
    bpalapura@potteranderson.com

*Attorneys for Apple Inc.*

Dated: December 13, 2013
PUBLIC VERSION
Dated: December 23, 2013
1134464 / 36689

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on December 23, 2013, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on December 23, 2013, the attached document was Electronically Mailed to the following person(s):

| | |
|---|---|
| Thomas C. Grimm<br>Jeremy A. Tigan<br>Morris, Nichols, Arsht & Tunnell<br>1201 North Market Street<br>Wilmington, DE 19801<br>tgrimm@mnat.com<br>jtigan@mnat.com | Steven J. Rizzi<br>Akiva Cohen<br>Ramy E. Hanna<br>Foley & Lardner LLP<br>90 Park Avenue<br>New York, NY 10016-1314<br>srizzi@foley.com<br>acohen@foley.com<br>rhanna@foley.com<br>robocast@foley.com |
| Richard S. Florsheim<br>Foley & Lardner LLP<br>777 E. Wisconsin Avenue<br>Milwaukee, WI 53202-5306<br>rflorsheim@foley.com<br>robocast@foley.com | Victor de Gyarfas<br>Foley & Lardner LLP<br>555 S. Flower Street, Suite 3500<br>Los Angeles, CA 90071-2411<br>vdegyarfas@foley.com |

By: /s/ *David E. Moore*
Richard L. Horwitz
David E. Moore
Bindu A. Palapura
POTTER ANDERSON & CORROON LLP
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

1012180 / 36689