IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Robocast, Inc.,**<br><br>Plaintiff,<br><br>v.<br><br>**Apple Inc.,**<br><br>Defendant. | Civil Action No. 11-235-RGA |

MEMORANDUM ORDER

Before the Court is Plaintiff Robocast, Inc.'s *Daubert* Motion to Exclude Portions of the Testimony of Defendants' Damages Expert, Raymond Sims (D.I. 337) and related briefing (D.I. 338, 380, 402). The Court heard oral argument regarding this motion on January 8, 2014. In his expert report, Mr. Sims opined that the inclusion of the allegedly infringing Showcase/Flowcase ("Showcase") feature in iTunes and the Top Sites feature in Safari did not have a positive impact on Apple revenues. Robocast seeks to exclude this testimony because it alleges that the analysis is unreliable due to Mr. Sims' failure to account for certain variables.

Mr. Sims' testimony is offered in rebuttal to Robocast's damages expert, Mr. Hoffman. In his expert opinion, Mr. Hoffman opined that the inclusion of Showcase would result in a 3.4% increase in the number of clicks on purchasable media content, which would logically result in a 3.4% increase in iTunes revenue.[1] Mr. Hoffman also opined that Top Sites was responsible for an increase in Apple revenue, essentially because the feature drove demand for Safari, and any

---

[1] This assumes that the conversion rate of clicks to purchases is the same for the prior advertising and the allegedly infringing advertising.

increase in Safari usage would result in an increase in search revenue. However, that opinion was based on the Berger Report, which Robocast has withdrawn. Therefore, I do not further address the Top Sites opinion.

Mr. Sims sought to test Mr. Hoffman's conclusions by performing regression analyses and Chow tests. Mr. Sims compared the trend lines of revenue before and after the introduction of Showcase. Assuming that Mr. Hoffman were correct, all other things being equal, one would expect to see an increase in the slope of the revenue trend line. What Mr. Sims found was a statistically significant decrease in the slope of the iTunes revenue trend line. (D.I. 339-1 at 33).

Robocast seeks to exclude this testimony because Mr. Sims failed to account for certain variables which, Robocast contends, renders the analysis unreliable. Specifically, Robocast points to the increasing use of iPhones, Spotify, and Pandora. Robocast contends that these countervailing variables could have masked the positive impact caused by the accused features.[2] Because of this possibility, Robocast contends that Mr. Sims' report is unreliable and irrelevant to the impact of the accused features on sales.

Robocast's argument is unpersuasive. Mr. Sims' report is based on reliable methodology used by economists. (D.I. 339-1 at 26 n. 81). Mr. Sims's ultimate conclusion is simply that there was a statistically significant decrease in the rate of change of revenue after the addition of Showcase. Logically, this suggests that the Showcase/Flowcase features did not cause an increase in the rate of change of revenue, as there was no increase. Mr. Sims chose not to explicitly incorporate certain variables, which might offer an alternative explanation of the data.[3]

---

[2] In other words, a new feature could have a positive causal impact on sales, but because of other factors negatively affecting sales, the overall sales could go down.
[3] Mr. Sims did consider iTunes proceeds from iPhone and iPod Touch products (D.I. 339-1 at 34), but concluded that the increase in proceeds was likely due to the increase in iTunes accounts from 2007 to 2012. (D.I. 339-1 at 38).

Whether he should or should not have accounted for these variables is a question that goes to the weight of the testimony, not its admissibility, and is properly left to the jury.

Mr. Sims' tests were based on reliable methodology. The fact that he did not take into account certain variables is a topic for cross examination. Plaintiff's motion (D.I. 337) is hereby **DENIED.**

Entered this 14th day of January, 2014.

/s/ Richard G. Andrews
United States District Judge