IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Robocast, Inc.,** <br><br> Plaintiff, <br><br> v. <br><br> **Apple Inc.,** <br><br> Defendant. | Civil Action No. 11-235-RGA |

MEMORANDUM ORDER

Before the Court is Plaintiff Robocast's Objection from a Report and Recommendation of the Special Master striking the Supplemental Expert Report of Robocast's damages expert, Creighton Hoffman (D.I. 420) and Defendant Apple's Opposition. (D.I. 426).

In reaching his damages conclusions regarding Top Sites, Mr. Hoffman relied on user surveys and analyses generated by James Berger, another of Plaintiff's experts. Subsequently, Plaintiff withdrew Mr. Berger's report due to a medical issue, leaving Mr. Hoffman without any foundation for his damages opinion regarding Top Sites. Thereafter, Plaintiff submitted the supplemental Hoffman report, opining that Apple's use of Top Sites was "another valuable benefit," which further supported the reasonableness of Mr. Hoffman's opinion on Flowcase damages. (D.I. 421-1 at 68-69).

Robocast did not seek permission of the court to file the supplemental report, claiming that it is merely a clarification and that it had an affirmative duty to supplement under FED. R. CIV. P. 26(e). In his Opinion and Order, the Special Master did not reach the issue of whether the supplementation was required under Rule 26, but struck the report because "Robocast

1

unnecessarily used the opportunity created by the withdrawal of the Berger report to add an aspect to Mr. Hoffman's opinions that could have been contained in his original report." (D.I. 391 at 3). Robocast contends that the Special Master erred because Robocast had a duty to supplement, the Special Master applied the wrong standard, that the supplemental report is important, and that the remaining *Pennypack* factors favor allowing the report.

While the Special Master did not expressly decide whether the supplementation was required under Rule 26(e), that holding is implicit in the finding that the supplemental report added new theories that could have been contained in the original report. "Supplementation of an expert report permits a party to correct inadvertent errors or omissions... [it] does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report." *Gallagher v. Southern Source Packaging, LLC*, 568 F. Supp. 2d 624, 630-31 (E.D.N.C. 2008). "In short, Rule 26 imposes a *duty* on Plaintiffs; it grants them no *right* to produce information in a belated fashion." *Id.* at 631 (emphasis in original) (internal citation and quotation marks omitted). Mr. Berger's medical issue was indeed unfortunate for Robocast, but did not necessitate supplementation of Mr. Hoffman's report to include new theories. Certain of Mr. Hoffman's opinions were no longer supported once the Berger report was withdrawn, but this was not an inadvertent error or omission, it was a tactical decision. The supplemental report was not required under Rule 26(e) and is therefore excluded.

While I could affirm on this ground alone, I also address Robocast's additional arguments. The Special Master discussed the *Pennypack* factors, concluding that even if the first four factors weighed against exclusion, the fifth factor justified that the report be stricken, because the testimony was not important. (D.I. 391 n. 5). Robocast contends that the testimony is important to its damages case, yet it previously contended that the report was merely a

clarification. (D.I. 427-1 at 114). The Court fails to see how a mere clarification which does not even provide a quantitative damages figure can be important to Robocast's damages case. The remaining *Pennypack* factors do not overcome this fact.

Plaintiff's objection (D.I. 420) is hereby **DENIED**.

Entered this 28th day of January, 2014.

*Richard G. Andrews*
United States District Judge