IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROBOCAST, INC.,                          )
                                         )
                    Plaintiff,           )
                                         )
          v.                             )   C.A. No. 11-235 (RGA)
                                         )
APPLE INC.,                              )
                                         )
                    Defendant.           )

**PLAINTIFF ROBOCAST, INC.'S OPPOSITION TO DEFENDANT APPLE INC.'S
MOTION FOR LEAVE TO FILE ITS MOTION FOR RECONSIDERATION OF
THE COURT'S CLAIM CONSTRUCTION ORDER AND FOR SUMMARY
JUDGMENT OF INVALIDITY DUE TO INDEFINITENESS**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Thomas C. Grimm (#1098)
Jeremy A. Tigan (#5239)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
tgrimm@mnat.com
jtigan@mnat.com
    *Attorneys for Robocast, Inc.*

OF COUNSEL:

Steven J. Rizzi
Akiva Cohen
Ramy E. Hanna
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY  10016-1314
(212) 682-7474

Richard S. Florsheim
FOLEY & LARDNER LLP
777 E. Wisconsin Avenue
Milwaukee, WI  53202-5306
(414) 271-2400

Justin E. Gray
FOLEY & LARDNER LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA  92130-3302
(858) 847-6700

August 4, 2014

## TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................................................1

ARGUMENT ........................................................................................................................1

    I.      RECONSIDERATION IS NOT WARRANTED AS APPLE
           MISCHARACTERIZES THE *NAUTILUS* DECISION.........................................1

    II.     EVEN IF THE COURT AGREES TO RECONSIDER, IT
           SHOULD NOT NOW CONSIDER APPLE'S MOTION FOR
           SUMMARY JUDGMENT ...................................................................................3

CONCLUSION......................................................................................................................5

<u>TABLE OF AUTHORITIES</u>

Page(s)

CASES

*A.K. Stamping Co. v. Instrument Specialties Co.*,
106 F. Supp. 2d 627 (D.N.J. 2000) ........................................................................................4

*Augme Techs., Inc. v. Yahoo! Inc.*,
No. 2013-1121, 2014 U.S. App. LEXIS 11606 (Fed. Cir. June 20, 2014) ...............................3

*Bancorp Servs., L.L.C. v. Hartford Life Ins. Co.*,
359 F.3d 1367 (Fed. Cir. 2004) ..............................................................................................2

*BJ Servs. Co. v. Halliburton Energy Servs., Inc.*,
338 F.3d 1368 (Fed. Cir. 2003) ..............................................................................................4

*Edwards Sys. Tech., Inc. v. Digital Control Sys., Inc.*,
99 Fed. Appx. 911 (Fed. Cir. 2004) ........................................................................................5

*Freeny v. Apple Inc.*,
No. 2-13-cv-00361 (E.D. Tex. July 29, 2014) ........................................................................2

*Hako-Med USA, Inc. v. Axiom Worldwide, Inc.*,
No. 8:06-CV-1790-T-27EAJ, 2008 U.S. Dist. LEXIS 64953
(M.D. Fla. July 29, 2008) ........................................................................................................4

*In re Moore*,
439 F.2d 1232 (CCPA 1971) ..................................................................................................2

*Nautilus, Inc. v. Biosig Instruments, Inc.*,
134 S. Ct. 2120 (2014) ..................................................................................................1, 2, 3, 5

*Presidio Components, Inc. v. Am. Technical Ceramics Corp.*,
No. 07CV893 IEG (NLS), 2008 U.S. Dist. LEXIS 46460 (S.D. Cal. June 11, 2008) .............4

*Sys. Mgmt. Arts, Inc. v. Avesta Techs., Inc.*,
137 F. Supp. 2d 382 (S.D.N.Y. 2001) .....................................................................................4

*Tech. Licensing Corp. v. Videotek, Inc.*,
545 F.3d 1338 (Fed. Cir. 2008) ..............................................................................................3

RULES AND STATUTES

LR 7.1.5(a) ...................................................................................................................................5

<u>INTRODUCTION</u>

Apple's motion should be denied *en toto* because it is based on a mischaracterization of the Supreme Court's decision in *Nautilus*, and the impact of that decision on the indefiniteness analysis.  In any event, the Court should reject Apple's request that the Court now consider its motion for summary judgment of indefiniteness.  If the Court agrees with Robocast that the *Nautilus* decision does not substantively alter the indefiniteness analysis, then there is of course no basis to entertain Apple's summary judgment motion.  If, however, the Court determines that *Nautilus* warrants reconsideration of indefiniteness because the analysis has been significantly altered, as Apple alleges, then Robocast should be given a full opportunity to address the new standard – and Apple's new arguments – including the opportunity to offer expert opinions in response to Apple's allegations.

<u>ARGUMENT</u>

I.      RECONSIDERATION   IS   NOT   WARRANTED   AS   APPLE
        <u>MISCHARACTERIZES THE *NAUTILUS* DECISION</u>

Apple Inc.'s ("Apple's") motion is premised on a plain misreading of *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120 (2014).  While Apple correctly quotes the relevant holding of *Nautilus* in its motion, it goes on to distort the *Nautilus* indefiniteness standard into one that requires a claim to be held indefinite if "it is subject to multiple inconsistent constructions."  That is simply not what *Nautilus* says, and such a harsh rule is not a necessary consequence of *Nautilus*.

*Nautilus* states that "[a] patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention."  *Nautilus*, 134

S. Ct. at 2123.[1]  This articulation of the indefiniteness standard is not new; the Court of Customs and Patent Appeals (predecessor to the Federal Circuit) used similar language to describe indefiniteness over forty years ago.  *In re Moore*, 439 F.2d 1232, 1236 (CCPA 1971) ("Applying now the analysis outlined above to the case before us, the position of the Board of Appeals regarding the definiteness of the claims before us can be justified only if it can be concluded that one of ordinary skill in this art, having appellants' disclosure and claims before him, would not be possessed of a ***reasonable degree of certainty as to the exact subject matter encompassed within the claims***.") (emphasis added).

Indeed, Federal Circuit Judge Bryson, sitting by designation in *Freeny v. Apple Inc.*, No. 2-13-cv-00361 (E.D. Tex. July 29, 2014) (attached hereto as Exhibit A), recently denied Apple's motion to strike a declaration of the plaintiff's claim construction expert where the expert's declaration, filed after *Nautilus*, stated that a claim is not indefinite "if a person of ordinary skill in the art would understand the scope of the claim."  *Id.* at p. 1.  While Apple argued that the legal standard within the expert declaration was not that of *Nautilus* and should thus be stricken, Judge Bryson concluded that "[t]his Court does not regard the difference between those two standards [the standard expressed in the expert's declaration and the one expressed by the Supreme Court in *Nautilus*] as being significant."  *Id.* at p. 2.  The standard expressed in the plaintiff's expert declaration in *Freeny* is not new; it was used by the Federal Circuit over ten years ago in *Bancorp Servs., L.L.C. v. Hartford Life Ins. Co.*, 359 F.3d 1367,

---

[1]    The Court of Appeals for the Federal Circuit has not yet provided its opinion in the remand of *Nautilus*.  This opinion may give guidance to what the Supreme Court's articulated standard means in practice.  While the Federal Circuit's opinion is under consideration, it is curious why Apple wants this issue decided immediately but yet waited over six weeks since the Supreme Court's decision to file its motion.

1371 (Fed. Cir. 2004), and also quite recently cited by the Federal Circuit, side-by-side with *Nautilus*, in *Augme Techs., Inc. v. Yahoo! Inc.*, No. 2013-1121, 2014 U.S. App. LEXIS 11606, at *33 (Fed. Cir. June 20, 2014).

But under Apple's skewed reading of *Nautilus*, courts **must** find a claim term indefinite in any case where either (1) the parties reasonably disagree as to the construction of that term; or (2) a defendant comes up with multiple potentially reasonable constructions for that term.   Further, if Apple is correct that a term is now indefinite if it is subject to multiple "inconsistent" (a term Apple fails to even define in its motion) constructions, then **all** district courts would now be required in **each and every** one of their pending patent litigations in which they have construed claim terms to find those terms indefinite if the construction of any term was reasonably disputed between the parties.   Such a result makes absolutely no sense and is not dictated by *Nautilus*.

Here, this Court construed the "spanned concurrently" term over a year ago and Apple provides no reason to justify reversing that decision now.   Apple does not even attempt to argue that, under the Court's construction, the term "fail[s] to inform, with reasonable certainty, those skilled in the art about the scope of the invention" under *Nautilus* (134 S. Ct. at 2123). Instead, Apple urges this Court to find it should never have construed the term in the first place.

II.   **EVEN IF THE COURT AGREES TO RECONSIDER, IT SHOULD NOT NOW CONSIDER APPLE'S MOTION FOR SUMMARY JUDGMENT**

Apple's motion also improperly seeks summary judgment on indefiniteness when the time for making summary judgment motions has long passed and even though the issue is not purely legal.   As the Supreme Court recognized, indefiniteness "may turn on evaluations of expert testimony," a quintessential fact issue.   *Nautilus*, 134 S. Ct. at 2130.   *See also Tech.*

*Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1338 (Fed. Cir. 2008) (indefiniteness defense implicates factual issues for the jury to resolve as "to the extent there are any factual findings upon which a trial court's indefiniteness conclusion depends, they must be proven by the challenger by clear and convincing evidence"); *BJ Servs. Co. v. Halliburton Energy Servs., Inc.*, 338 F.3d 1368, 1372 (Fed. Cir. 2003) ("Like enablement, definiteness, too, is amenable to resolution by the jury where the issues are factual in nature"); *Presidio Components, Inc. v. Am. Technical Ceramics Corp.*, No. 07CV893 IEG (NLS), 2008 U.S. Dist. LEXIS 46460, at \*9 (S.D. Cal. June 11, 2008) ("As several district courts have observed, however, while the Federal Circuit has described the indefiniteness inquiry as a question of law, where evidence beyond the claims and written description may be reviewed, factual issues are likely to arise."); *Hako-Med USA, Inc. v. Axiom Worldwide, Inc.*, No. 8:06-CV-1790-T-27EAJ, 2008 U.S. Dist. LEXIS 64953, at \*3-6 (M.D. Fla. July 29, 2008) (denying summary judgment of indefiniteness because questions of fact remained); *Sys. Mgmt. Arts, Inc. v. Avesta Techs., Inc.*, 137 F. Supp. 2d 382, 399-400 (S.D.N.Y. 2001) (denying summary judgment of indefiniteness where there was conflicting expert testimony); *A.K. Stamping Co. v. Instrument Specialties Co.*, 106 F. Supp. 2d 627, 644-45 (D.N.J. 2000) (denying motion for summary judgment of indefiniteness when a "trier of fact" could conclude based on "the testimony of three engineers" that the claims are not indefinite).

Further, Apple's proposed motion for summary judgment is based on an incomplete record. Indefiniteness is an invalidity defense; it should not be considered before the record is sufficiently developed through expert discovery. For example, while it appears from Apple's briefing that Apple has decided to forego relying on an expert to support its argument, the timing of Apple's motion should not preclude Robocast from doing so. If the Court is

inclined to consider Apple's indefiniteness argument, Robocast should be given the opportunity to determine whether expert testimony may be needed on this issue in light of the *Nautilus* standard, particularly when this standard expressly considers the question of indefiniteness from the perspective of a person "skilled in the art." *Nautilus*, 134 S. Ct. at 2123. If this Court is presented with conflicting expert testimony, deciding the ultimate issue becomes a classic "battle of the experts," which alone "renders summary judgment inappropriate." *Edwards Sys. Tech., Inc. v. Digital Control Sys., Inc.*, 99 Fed. Appx. 911, 921 (Fed. Cir. 2004). It would be highly prejudicial to Robocast for the Court to consider this issue in a vacuum, without allowing Robocast the benefit of any expert discovery.

## CONCLUSION

For the foregoing reasons, Apple's motion for leave to file should be denied. If, however, the Court grants Apple's motion for leave, Robocast requests an opportunity to provide a full substantive response to the substance of Apple's motion for reconsideration.[2]

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Thomas C. Grimm*
Thomas C. Grimm (#1098)
Jeremy A. Tigan (#5239)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
tgrimm@mnat.com
jtigan@mnat.com
*Attorneys for Robocast, Inc.*

---

[2]     Apple's motion for reconsideration itself is entitled an "opening brief" but under the rules of this Court, a party seeking reconsideration does not receive a reply brief.  D. Del. LR 7.1.5(a).

OF COUNSEL:

Steven J. Rizzi
Akiva Cohen
Ramy E. Hanna
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY  10016-1314
(212) 682-7474

Richard S. Florsheim
FOLEY & LARDNER LLP
777 E. Wisconsin Avenue
Milwaukee, WI  53202-5306
(414) 271-2400

Justin E. Gray
FOLEY & LARDNER LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA  92130-3302
(858) 847-6700

August 4, 2014
8431700